S. G. CLARK, *as County Treasurer, et al.*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

**No. 258.***

1. TAXATION—*County Deficiency—Case Followed.* The case of *Railway Co. v. Williamson*, just decided (*ante*, p. 711, 54 Pac. 928), cited and followed.

2. ——— *Fire Tax—Collection.* The tax levied under chapter 273, Laws of 1895 (Gen. Stat. 1897, ch. 170), for the "prevention of prairie fires," held to be a general tax, collectable under the general laws of the state for the collection of taxes.

Error from Edwards district court; S. W. VANDIVERT, judge. Opinion filed October 20, 1898. Reversed.

---

* Affirmed in part and reversed in part by supreme court. See 60 Kan. 831, 58 Pac. 477.—REP.

*A. C. Dyer*, and .*F. Dumont Smith*, for plaintiffs in in error.

*A. A. Hurd*, *W. Littlefield*, and *O. J. Wood*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : The first question presented in this case is the validity of the provision in section 224, chapter 158, General Statutes of 1897, providing for an additional levy of one-half mill to pay the delinquent state tax in all counties where there is a deficiency.

Several questions are presented in the brief of defendant in error which must be passed without comment. They are questions of fact, and no proof having been offered to sustain the position taken, there is nothing in the record which will warrant the court in considering them. No oral evidence was admitted. The court is therefore bound as to questions of fact not to go outside of the agreed statement, which, so far as the question now involved is concerned, is as follows :

'' That the auditor of the state of Kansas, on the second Monday in July, 1895, reported to the clerk of Edwards county, Kansas, a balance claimed by said auditor to be due from said Edwards county, Kansas, to the state of Kansas, as delinquent taxes, the same being the correct amount as shown by his books, and said county clerk then and there determined the rate per cent. necessary to raise the said amount of state delinquent taxes to be one-half mill on the dollar, which was the correct rate, and thereupon extended and placed the said state delinquent tax upon the rolls of said county for that year opposite the name of said railroad, the same being the sum of $92.56, and charged the same against the property of the Atchison, Topeka

& Santa Fe Railroad Company, and that said $92.56 was in addition to the amount required to raise the state tax for the current year. That the said The Atchison, Topeka & Santa Fe Railroad Company has always, for each of the various years prior to the year 1895, paid in full the legal taxes assessed and levied against its property in said county of Edwards for state purposes.''

This brings the case within the rule laid down in the case of *McIntire v. Williamson*, ante, p. 711, 54 Pac. 928, wherein it was held that the provision in section 224, chapter 158, General Statutes of 1897, providing for an additional levy of one-half mill to pay the delinquent state tax in all counties where there is a deficiency, is constitutional.

It is further contended that the tax designated the "fire tax," levied under chapter 273, Laws of 1895 (Gen. Stat. 1897, ch. 170), is unauthorized and void, because it excludes railways, when possible, from the "fire districts" and does not give them equal protection; that the tax levied on the Santa Fe railway in this case was illegal because said railway was not within the fire districts for which the tax was levied; and further, that the law provides no way for collecting the tax when it is levied.

Defendant claims that the tax is levied in those localities known as the fire districts. We cannot concur in this contention. The tax is levied in the counties or townships. In this case it was levied in the townships, and the townships, for convenience, are divided up into "fire districts" for the purpose of protecting the whole township from fires. It is easy to see from the reading of the law that the railroads must either run through one of these districts or along the line and between two of them. The districts run up to the right of way, but do not cross it. If

the surrounding country on each side of the railway is protected from fires coming from the right of way, is not the right of way protected from fires coming from the outlying districts?

It is further contended that the tax is not general. "General taxes may be said to be taxes imposed throughout the state, or some civil division thereof." (25 A. & E. Encycl. of L. 17, *note* 4.) Counties or township are civil divisions of the state. This is therefore a general tax, and all property in the respective townships is liable to pay the tax levied therein. The state may provide by general taxation for the prevention of calamities, such as fires. (Cooley, Taxation, 1st ed., 102.)

Defendant further contends that if this is a general tax then no way is provided for its collection. In our opinion, the general law for the collection of taxes applies in this case. There will be no difficulty in finding the proper disposition of taxes levied for prevention of fires if this law is taken in connection with the general law, as will appear from the following citations. The township trustee shall make an estimate of the tax to be levied and present it to the county commissioners on or before the first Monday of August in each year. Then it is the duty of the board to make the levy, which is made at the regular meeting of the board on the first Monday in August of each year. (Gen. Stat. 1897, ch. 170, § 3; Gen. Stat. 1897, ch. 158, § 134; Gen. Stat. 1889, ¶ 6931.) The county clerk shall make up a tax-roll and deliver same to the county treasurer and charge him with taxes. (Gen. Stat. 1897, ch. 158, § 136; Gen. Stat. 1889, ¶ 6933.) The treasurer receives taxes and gives receipts therefor. (Gen. Stat. 1897, ch. 158, § 140; Gen. Stat. 1889, ¶ 6938.) The township treasurer shall receive

and take charge of all money belonging to the township and pay it out on orders from the trustee. (Gen. Stat. 1897, ch. 42, § 34; Gen. Stat. 1889, ¶ 7093.) The fire and road overseers shall draw the money due their respective districts in such manner as they draw money from their respective township treasurers. (Gen. Stat. 1897, ch. 170, § 7.)

By these citations, the money is traced from the taxpayer to the county treasurer, thence to the township treasurer, and from him to the fire or road overseer. It is clearly indicated by these provisions of the statute, that the legislature fully intended this tax to be collected in the usual way, under the general law for the collection of taxes.

From the agreed statement of facts, we conclude that the tax was properly levied. We see no good reason for holding the law unconstitutional, and must therefore reverse the case, with directions to dissolve the injunction and tax the costs to plaintiff below.